IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALBERTO A.F. SILVA, | ) | CV. NO. 06-00617 DAE KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLSTATE INSURANCE | ) | |
| COMPANY, JOHN DOES 1-10, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On June 18, 2007, the Court heard Defendant's Motion. Phillip L.
Carey, Esq., appeared at the hearing on behalf of Plaintiff; Kevin P.H. Sumida,
Esq., appeared at the hearing on behalf of Defendant.  After reviewing the motion
and the supporting and opposing memoranda, the Court GRANTS Defendant's
Motion.

BACKGROUND

On June 19, 1997, Plaintiff Silva, a University of Hawaii at Hilo
basketball player, suffered severe injuries from an automobile accident caused by
Brian Ponce.  Ponce was a recipient of welfare benefits from the Department of
Human Services for the State of Hawaii, and because of that he had No-Fault

Insurance through the Hawaii Joint Underwriting Plan Bureau.  Ponce's insurance policy was provided by Defendant Allstate.  Approximately nine days before the accident, Allstate had cancelled Ponce's insurance for his failure to provide proof of current registration for his vehicle.  Ponce claimed that he had provided Allstate with a copy of his current registration.

On October 20, 1997, Silva filed a complaint in State Court against Ponce seeking recovery for his injuries (the "Tort Case").  In 1999, an arbitration award was issued in favor of Silva against Ponce in the amount of $295,749.64.

On October 14, 1998, Allstate filed a complaint for declaratory relief in State Court, seeking a declaration that neither Silva nor Ponce were entitled to insurance benefits or defense under Ponce's policy (the "Declaratory Action").  Allstate did not provide Ponce with counsel for the Declaratory Action, and entry of default was recorded against Ponce on January 29, 1999.  On September 26, 2000, the circuit court entered judgment in favor of Allstate and against Silva and Ponce, finding that Allstate did not have to defend or indemnify Ponce nor make payments to Silva, since the accident occurred after Ponce's insurance had been properly cancelled.  Silva appealed.

On October 18, 2002, while the appeal was pending in the Declaratory Action, Ponce and Silva entered into a Covenant not to Execute and Assignment of

2

Rights (the "Assignment") in the Tort Case, wherein Ponce assigned his rights against Allstate to Silva.  The Assignment stated that if Silva wins the appeal, Ponce may have a right to pursue Allstate for policy limits and wrongful failure to settle the claim and/or for breach of duty of good faith.  The Assignment further noted that Allstate had refused to settle the lawsuit for the policy limits of $25,000[1] on numerous occasions and continues to refuse to protect Ponce. (Def.'s Ex. E at Ex H.)

On December 5, 2002, a Stipulated Judgment was entered into in the Tort Case in the amount of $295,749 against Ponce.  Ponce was represented by counsel in the Tort Case, which was provided by Allstate.

On October 6, 2004, the Hawaii Supreme Court vacated and remanded the Declaratory Action, holding that the cancellation of Ponce's policy was invalid. Allstate Ins. Co. v. Ponce, 99 P.3d 96 (Haw. 2004).  On November 4, 2004, Allstate tendered the policy limits of $25,000 to Silva on Ponce's behalf.

Silva filed the instant lawsuit against Allstate on October 4, 2006, alleging breach of duty of good faith and fair dealing, negligent infliction of emotional distress and intentional infliction of emotional distress.  On April 4,

---

[1]The Assignment sets forth an amount of $35,000, but the parties agree that the policy limit was $25,000.

2007, Allstate filed its motion for summary judgment arguing that the Complaint is time-barred, or in the alternative, barred by waiver, collateral estoppel or lack of standing.  Allstate also argues that it should not be exposed to a bad faith claim as a matter of policy, and finally, that it did not act unreasonably.  Plaintiff filed his opposition on May 29, 2007, and Allstate filed a reply on June 1, 2007.

STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. California Dept. of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial–usually, but not always, the defendant–has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire &

4

Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden

initially falls upon the moving party to identify for the court those "portions of the

materials on file that it believes demonstrate the absence of any genuine issue of

material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d

626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

       Once the moving party has carried its burden under Rule 56, the

nonmoving party "must set forth specific facts showing that there is a genuine

issue for trial" and  may not rely on the mere allegations in the pleadings.   Porter,

419 F.3d  at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256

(1986)).  In setting forth "specific facts," the nonmoving party may not meet its

burden on a summary judgment motion by making general references to evidence

without page or line numbers.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885,

889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary

judgment, the court shall have no independent duty to search and consider any part

of the court record not otherwise referenced in the separate concise statements of

the parties.").  "[A]t least some 'significant probative evidence'" must be

produced.  T.W. Elec. Serv., 809 F.2d at 630  (quoting First Nat'l Bank of Ariz. v.

Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence

that is merely colorable or not significantly probative does not present a genuine issue of material fact." <u>Addisu</u>, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  <u>Porter</u>, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  <u>Id.</u>  However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.

DISCUSSION

I.    <u>Statute of Limitations</u>

Allstate argues that the Complaint should be dismissed because it was not filed within the two-year statute of limitations period.

The statute of limitations for tort claims is two years.  Haw. Rev. Stat. § 657-7.  A claim of bad faith is a tort claim.  <u>See</u> <u>Best Place, Inc. v. Penn America Ins. Co.,</u> 920 P.2d 334 (Haw. 1996).  The version of Hawaii Revised Statutes

6

§ 431:10C-315 that was in effect at the time of the accident at issue in this case

provided that

> (a) No suit shall be brought on any contract providing
> no-fault benefits or any contract providing optional
> additional coverage more than, the later of:
>> (1) Two years from the date of the motor vehicle
>> accident upon which the claim is based;
>> (2) Two years after the last payment of no-fault or
>> optional additional benefits;
>> (3) Two years after the entry of a final order in
>> arbitration; or
>> (4) Two years after the entry of a final judgment
>> in, or dismissal with prejudice of, a tort action arising out
>> of a motor vehicle accident, where a cause of action for
>> insurer bad faith arises out of the tort action.
>
> (b) No suit arising out of a motor vehicle accident shall
> be brought in tort more than, the later of:
>> (1) Two years after the date of the motor vehicle
>> accident upon which the claim is based;
>> (2) Two years after the date of the last payment of
>> no-fault or optional additional benefits; or
>> (3) Two years after the date of the last payment of
>> workers' compensation or public assistance benefits
>> arising from the motor vehicle accident.

431:10C-315 (1993).

Allstate argues that pursuant to 431:10C-315(a)(4), this lawsuit is

barred since Silva did not file his Complaint until October 4, 2006, which is more

than two years after the entry of the Stipulated Judgment on December 5, 2002.

Allstate further argues that its alleged "bad faith," if any, occurred on or before

December 5, 2002, and that Silva was aware of the alleged bad faith before that time since in the Assignment, Silva noted that Allstate allegedly wrongfully failed to settle the claim and had breached its duty of good faith.

The current version of the statute provides that "(b) No suit arising out of a motor vehicle accident shall be brought in tort more than the later of: . . . (2) Two years after the date of the last payment of motor vehicle insurance or optional additional benefits . . . ."  Haw. Rev. Stat. § 431:10C-315 (1998).  Based upon this version of the statute, Plaintiff asserts that his Complaint is timely because it was filed on October 4, 2006, which was within two years of his November 4, 2004 receipt of the payment of benefits.

Allstate argues that the current version of the statute does not apply because it was not in effect at the time of the accident.  Hawaii courts have consistently held that the statute of limitations that was in effect at the time of the accident is the version of the statute that applies.  See Enoka v. AIG Haw. Ins. Co., Inc., 128 P.3d 850, 857 (Haw. 2006) ("At the time of Enoka's April 19, 1997 accident, the applicable statute of limitations was codified at HRS § 431:10C-315(a) (1993) . . ."); Kramer v. Ellett, 121 P.3d 406, 411 n.1 (Haw. 2005) ("the version of the statute at the time of the accident is the version that governs . . ."); Allstate Ins. Co. v. Wolcott, 847 F. Supp. 787, 790 (D. Haw. 1994)

8

(discussing the provisions of the statute that were in effect during the year the accident occurred).  Although the statute was amended to provide a more generous view of the limitations period by allowing claims to be filed within two years after the last payment of motor vehicle insurance benefits, rather than merely no-fault or optional coverage benefits, that language was not in effect at the time of the accident in this case.  Furthermore, Plaintiff has offered no argument that would allow the current version to apply to this case.  Thus, the previous version of the statute applies in this case as it was the statute in effect at the time of the accident.

Allstate next argues that Silva's claims are barred even under 431:10C-315 (a)(2) or (b)(2) (1993) regarding running the limitations period from the last payment of no-fault benefits.  The term "no fault benefits" was defined to include medical expenses, psychiatric expenses, monthly earnings and substitute services.  Haw. Rev. Stat. § 431:10C-103(10)(A) (1993).  Here, the November 4, 2004 payment was for the liability limits under the policy, and not for no-fault benefits.  Indeed, in the cover letter which enclosed the November 4, 2004 $25,000 check, Allstate states that the check represents the statutory liability coverage required and that the amount was determined by applying Hawaii Administrative Rule section 16-23-9(a)(1).  Silva signed a partial satisfaction of judgment acknowledging receipt of the money.  Silva has not contested that the $25,000 was

for liability limits, as opposed to no-fault benefits or optional additional coverage. Accordingly, Silva has not established that his Complaint was filed within two years of the last payment of no-fault benefits.

Silva argues that equitable tolling should apply to allow him two years to file a lawsuit from the date of the Hawaii Supreme Court's decision finding insurance coverage for Ponce. Silva argues that his bad faith claim was not ripe until the Hawaii Supreme Court found that Allstate improperly cancelled Ponce's policy. Silva argues that he is entitled to this two-year period to negotiate a settlement and investigate and draft a Complaint. Silva cites case law that allegedly supports his assertion that commencement of lawsuit tolls the statue of limitations with respect to claims arising out of or connected to his cause of action. Silva's citations, however, pertain to compulsory counterclaims. No compulsory counterclaims are at issue in this case, and thus, those citations are not on point.

Nevertheless, even if equitable tolling did apply, it would not entitle Silva to start the running of the statute of limitations period at the time of the Hawaii Supreme Court's ruling. Instead, as provided by the statute, the period began to run on the later of: 1) the time of the accident, 2) the date of the last payment of no-fault benefits, 3) the entry of a final order of arbitration, or 4) the entry of final judgment. The doctrine would only possibly allow certain periods of

10

time not to count toward the two-year period.  Silva, however, has not made any arguments or presented any evidence that would allow this Court to toll various periods of time.  Indeed, this Court is unaware of what periods of time Silva asserts should be tolled and for what reasons.

Finally, even without tolling, since the Stipulated Judgment was entered into on December 5, 2002, Silva still had approximately two months after the October 6, 2004 Hawaii Supreme Court decision within which he could have filed his Complaint in a timely fashion.  Silva was well aware of the alleged bad faith cause of action he intended to bring as he discussed it in the Assignment, which he executed in August 2002 and Silva was represented by the same counsel that is representing him in this case.  Silva has provided no reason for not filing this lawsuit within that time frame.

Therefore, Silva has not established that he met the statute of limitations or that his Complaint was otherwise timely filed.  Therefore, Plaintiff's Complaint is DISMISSED.

## <u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Defendant's Motion

for Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 19, 2007.



_____
David Alan Ezra
United States District Judge

<u>Silva v. Allstate</u>, CV No. 06-00617 DAE KSC; ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT